**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| KF IMPORTS LLC, | **Civil Case No. 2:26-cv-3089** |
| Plaintiff, | |
| v. | **COMPLAINT** |
| XIAOLONG PENG, | |
| Defendant. | |

Plaintiff KF Imports LLC ("Plaintiff") hereby states as follows for its Complaint against XiaoLong Peng ("Defendant").

## **INTRODUCTION**

Plaintiff KF Imports LLC ("Plaintiff") brings this action for copyright infringement and misrepresentation under the Digital Millenium Copyright Act ("DMCA").

As described herein, Plaintiff has been forced to file this action. For all the reasons discussed herein, Plaintiff is entitled to redress and relief for Defendants' acts of willful copyright infringement and fraudulent misrepresentations to Amazon.com, the relevant internet service provider.

1

## PARTIES

1. Plaintiff KF Imports LLC is a California limited liability company, with its principal place of business at 1115 S New Hampshire Ave Unit 402, Los Angeles, California 90006.

2. Plaintiff is currently suffering sustained violations of its rights at the hands of the Defendant, who are wrongfully and willfully infringing Plaintiff's Copyrighted Work for the purposes of confusing the consuming public into believing that Defendants are selling or are the sellers of Plaintiff's authentic products, and who are earning substantial profits from those infringing sales.

3. The recent explosion of counterfeiting and infringement over the Internet, including through online marketplace platforms, has created an environment that requires brand owners, such as Plaintiff, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and Plaintiff from the ill effects of confusion and the erosion of the goodwill associated with Plaintiff's brand and products.

4. Upon information and belief, Defendant NAN NING SHI MA KE Technology Co., Ltd. aka Nanning City Make Technology Co., Ltd. ("Nanning" or collectively "Defendants"), is a Chinese entity whose principal place of business is at Building 16, No. 8, Jinlong Road No. C3071, 2nd Floor Free Trade Pilot Zone, Nanning, Guangxi, China 530000.

5.      Upon information and belief, Defendant XiaoLong Peng ("Xiaolong" or collectively "Defendants"), is a citizen of China with an address of Building 16, No. 8, Jinlong Road No. C3071, 2nd Floor Free Trade Pilot Zone, Nanning, Guangxi, China 530000.

6.      Upon information and belief , Defendant Nanning City Make Technology Co., Ltd. is the owner of the US registered trademark 2THPART (U.S. Trademark Registration No. 6922932), used by Defendants to sell on Amazon under the seller name "2thpart."

## JURISDICTION AND VENUE

7.      This Court thus has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338.

8.      Defendant Xiaolong consented to jurisdiction of this Court through the filing of DMCA counter-notices with Amazon. A true and accurate copy of the DMCA counter-notices are attached hereto as **Exhibit 1** and **Exhibit 2**.

9.      Thus, this Court may exercise personal jurisdiction over the Defendants pursuant to Fed. R. Civ. P. 4(e) and/or Fed. R. Civ. P. 4(k). Defendants are marketing, advertising, promoting, and offering products infringing Plaintiff's Copyrighted Work for sale to consumers in California and this district through e-commerce sites such as Amazon.com.

3

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. §§ 1400(a) because, for example:

a.      Upon information and belief, Defendants, conduct, transact, and/or solicit business in this judicial district.

b.      Upon information and belief, Defendants or their agent(s) may be found in this district because personal jurisdiction is proper in this district.

c.      Upon information and belief, this is a judicial district in which a substantial part of the events or omissions giving rise to the infringement claims occurred, or a substantial part of the property that is the subject of the action is situated.

d.      Defendants not residents in the United States and may be sued in this judicial district because personal jurisdiction is proper in this district.

## FACTUAL ALLEGATIONS

**A.      Background Information of Plaintiff and Its Copyright**

11.     Plaintiff produces, markets, and sells various golf accessories, including but not limited to protective covers for golf clubs, golf gloves, golf tees, golf brush, golf towels, etc. Plaintiff sells its products under the brand name "ARZYE" (U.S. Trademark Registration No. 8075514).

4

12.     Plaintiff is the owner of United States Copyright Registration No. TX 9-569-260 for "ARYZE 14 Protective Golf Club Sensor Covers – Product Packaging Text" (the "Copyrighted Work").  A true and accurate copy of the copyright registration certificate is attached hereto as **Exhibit 3.**

13.     Plaintiff uses the Copyrighted Work—along with its registered trademark—to market and sell its genuine ARYZE branded goods.

14.     The specific product at issue in this matter is Plaintiff's ARYZE 14 Protective Golf Club Sensor Covers ("Plaintiff's Product"), pictured directly below.



15.    Plaintiff uses the Copyrighted Work on the product packaging to advertise, display, and promote Plaintiff's Product in interstate commerce, including the Internet.

16.    Plaintiff's Copyrighted Work is accessible to the public, and to the Defendants, through product listings that sell Plaintiff's Product, as shown in the image above.

17.    Plaintiff's Product has unique packaging, labels, and designs that are inherently distinct features, including, color, size, and shape selections, that all function as a source identifier for Plaintiff's Product.

18.    Plaintiff's Copyrighted Work has been used by Plaintiff prior in time to Defendants' unauthorized use of the Copyrighted Work. Plaintiff's Copyrighted Work has never been assigned or licensed to the Defendants in this matter.

19.    Plaintiff's Copyrighted Work is a symbol of Plaintiff's quality, reputation, and goodwill and has never been abandoned.

20.    Genuine product listings utilizing Plaintiff's Copyrighted Work are widely advertised and promoted by Plaintiff and authorized third parties via the Internet.

/ / /

/ / /

/ / /

B.    **Defendant's Wrongful and Infringing Conduct**

21.    Piggybacking off the success of Plaintiff, Defendants entered the marketplace with a product that is nearly identical to Plaintiff's Product, with a near exact product image, packaging text and layout (the "Infringing Product").

22.    Pictured below are comparisons of Plaintiff's Copyrighted Work and Defendants' Infringing Product:

<strong><u>Copied Product Packaging</u></strong>

| Plaintiff's Authentic Packaging | Defendant's Infringing Product |
|---|---|
|  | |

23.     As shown above, Defendants copied Plaintiff's "Easy Installation" instructions and "protects Sensor Form" features word-for-word. Notably, Defendants even reproduced the same typo from Plaintiff's packaging, where the word 'necessary' was misspelled with an extra 'c,' further proving direct copying by the Defendants rather than independent creation.

24.     In addition, Plaintiff's ARYZE's original product image and size chart have been taken and reused in the 2thpart's Amazon listing without permission. Indeed, nearly every aspect of Plaintiff's Product and Copyrighted Work is copied by Defendants' Infringing Product.

## Copied Product Image



| Plaintiff's Authentic Product | Defendant's Infringing Product |
|---|---|

**Copied Size Chart**

| Plaintiff's Size Chart | Defendant's Size Chart |
|---|---|
|  | |

25.    Defendants sell the Infringing Product through the Amazon Seller ID, 2thpart. Defendants' Amazon product listings incorporate the Infringing Product and the Copyrighted Work (see below).



C.    **<u>Defendants' Fraudulent Representations Under The DMCA</u>**

26.    On December 1, 2025, Plaintiff filed the first Takedown Notice with Amazon.com for Defendants' unauthorized reproduction of the Copyrighted Work. Amazon reviewed the reports of infringement and removed the reported content. A true and accurate copy of Amazon's Notice of Removal is attached hereto as **Exhibit 4.**

27.    On December 10, 2025, Amazon notified Plaintiff's counsel that it received a counter-notice in response to Plaintiff's Takedown Notice. A true and accurate copy of Defendants' first counter-notice is attached hereto as **Exhibit 1.**

28.    On March 5, 2026, Plaintiff filed the second Takedown Notice with Amazon.com for Defendants' unauthorized reproduction of the Copyrighted Work. Amazon reviewed the reports of infringement and removed the reported content. A true and accurate copy of Amazon's Notice of Removal is attached hereto as **Exhibit 5.**

29.    On March 12, 2026, Amazon notified Plaintiff's counsel that it received another counter-notice in response to Plaintiff's Takedown Notice. A true and accurate copy of Defendants' second counter-notice is attached hereto as **Exhibit 2.**

30.    Within both counter-notices, Defendants state "I have a good faith belief that the material identified in the Notice of Infringement was removed or

10

disabled as a result of mistake or misidentification of the material to be removed or disabled."

31.     Defendants knowingly provided Amazon with a material misrepresentation in filing the counter-notices. Defendants are not the creator of the Copyrighted Work and are not authorized to use the Copyrighted Work. Furthermore, Defendants had access to the Copyrighted Work and reproduced the Copyrighted Work in a substantially similar form, in connection with the marketing and advertising of a competing product.

32.     In compliance with the DMCA, Amazon notified Plaintiff that the Infringing Product would become accessible to the public unless Plaintiff provided Amazon with notice that a lawsuit had been filed against the counter-noticing party within ten business days.

33.     Plaintiff is left with no choice but to file this Complaint.

## COUNT I
## FEDERAL COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501(a), et. seq.)

34.     Plaintiff re-alleges and incorporates by reference each of the allegations contained in the foregoing paragraphs as though fully set forth herein.

35.     The Copyrighted Work (provided herein and attached as **Exhibit 3**) constitutes an original work of authorship and is copyrightable subject matter under 17 U.S.C. §§ 101 et seq. and the laws of the United States.

11

36.     Plaintiff owns the copyright to the Copyrighted Work and has complied with all respects with the Copyright Act, and all other laws governing copyrights, and has secured the exclusive right in and to the copyright of the Copyrighted Work.

37.     The Copyrighted Work is publicly available online. For example, the Copyrighted Work is displayed on Plaintiff's website, https://www.amazon.com/dp/B0CVJ3FTYV.

38.     On information and belief, Defendants accessed the Copyrighted Work.

39.     Defendants copied original elements of the Copyrighted Work.

40.     Defendants' Infringing Product is substantially similar to the Copyrighted Work.

41.     Defendants' unauthorized reproduction and dissemination of the Copyrighted Work is in violation of 17 U.S.C. §§ 106 and 501 et seq.

42.     Defendants' unauthorized reproduction and dissemination of the Copyrighted Work is also a violation of 17 U.S.C. § 506, with applicable criminal penalties as specified in 18 U.S.C. § 2319.

43.     Defendants' past, current and ongoing acts of copyright infringement are willful, intentional, and purposeful, and in complete disregard of Plaintiff's rights. Defendants have engaged in copyright infringement directly or with knowledge of the infringement. Defendants' repeated infringement, after notice,

12

constitutes willful infringement of Plaintiff's Copyrighted Work.

44. The aforementioned wrongful acts of Defendants have caused and are causing great injury and damage to Plaintiff, and unless this Court restrains Defendants from the further commission of said acts, Plaintiff will suffer irreparable injury for which it has no adequate remedy at law.

45. Plaintiff is entitled to its actual damages, including its lost profits, and to recover the improper profits obtained by Defendants through their infringement. In addition, Plaintiff reserves the right to elect statutory damages as provided under the Copyright Act to the extent allowable under law. Plaintiff is also entitled to the disgorgement of Defendants' benefit from infringement, including, but not limited to any profits recovered by Defendants for its infringing actions.

## COUNT II
## MISREPRESENTATION UNDER THE DIGITAL MILLENNIUM COPYRIGHT ACT (DMCA) (17 U.S.C. § 512(f)

46. Plaintiff re-alleges and incorporates by reference each of the allegations contained in the foregoing paragraphs as though fully set forth herein,

47. Plaintiff owns a valid copyright in the Copyrighted Work and has secured the exclusive rights and privileged in and to the copyright of the Copyrighted Work.

48. On December 1, 2025, Plaintiff filed the first Takedown Notice with Amazon.com for Defendants' unauthorized reproduction of the Copyrighted Work.

13

Amazon reviewed the report of infringement and removed the reported content.

49. On December 10, 2025, Amazon notified Plaintiff that it received a counter-notice in response to Plaintiff's Takedown Notice.

50. On March 5, 2026, Plaintiff filed the second Takedown Notice with Amazon.com for Defendants' unauthorized reproduction of the Copyrighted Work. Amazon reviewed the report of infringement and removed the reported content.

51. On March 12, 2026, Amazon notified Plaintiff that it received another counter-notice in response to Plaintiff's second Takedown Notice.

52. Defendants are not authorized or licensed to use the Copyrighted Work. Defendants cannot have a good faith belief that there was any mistake or misidentification in Plaintiff's reporting of the Infringing Product because the Infringing Product is a substantially similar copy of the Copyrighted Work and Defendants have no right to use the Copyrighted Work.

53. Defendants' filing of its counter-notices are a Misrepresentation under 17 U.S.C. § 512(f), where Defendants knowingly materially misrepresented that material or activity was removed or disabled by mistake or misidentification.

54. Defendants are liable for any damages to Plaintiff, including Plaintiff's costs and attorney's fees.

55. Plaintiff is entitled to an award of damages, including reasonable attorneys' fees and costs of the action under 17 U.S.C. § 512(f).

14

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants and the following relief:

A.    Monetary damages in the form of actual damages; disgorgement of profits; and/or the election of statutory damages available under the Copyright Act, as applicable;

B.    Pursuant to the Copyright Act, a preliminary, mandatory, and permanent injunction permanently enjoining Defendants, their respective employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, heirs, and assigns, and all of those in active concert with them, from:

1.    Providing, selling, marketing, advertising, displaying, distributing, manufacturing, promoting, or authorizing any third party to provide, sell, market, advertise, display, distribute, or manufacture any goods that incorporate the Copyrighted Work (including the Infringing Product); or are a counterfeit, copy, simulation, confusingly similar variations, or colorable imitation of Plaintiff's Product and/or the Copyrighted Work;

2.    Engaging in any activity that infringes Plaintiff's rights in the Copyrighted Work;

3.    Registering or applying for the registration of the Copyrighted Work;

15

4. Requiring Defendants to destroy and/or dispose of the Infringing Product and all materials in Defendants' possession, custody, or control that include, in whole or in part, any unauthorized use of the Copyrighted Work and/or Plaintiff's Product; and

5. Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (1) through (4);

C. Awarding Plaintiff exemplary and punitive damages;

D. An Order awarding Plaintiff's additional reasonable attorneys' fees and costs, if any, pursuant to at least 17 U.S.C. § 505, 17 U.S.C. § 512(f); 15 U.S.C. § 1117;

E. Pre- and post-judgment interest and costs; and

F. Other and further relief as the Court deems just and proper for Plaintiff.

Date: March 24, 2026                    Respectfully submitted,

/s/ Di Li
Di Li, Esq. (SBN: 294173)
**DI LI LAW, P.C.**
18725 Gale Ave., Suite 208
City of Industry, CA 91748
Tel.: (626) 723-4849
Fax: (626) 956-0744
Email: di@dililaw.com

Attorney for Plaintiff

16